BARBARA E. CLAPP *et al.*, Plaintiffs-Appellants, v. JMK/SKEWER, INC., *et al.*, Defendants (Northwoods Development Company *et al.*, Defendants-Appellees).

Third District Nos. 3—85—0140, 3—85—0147 through 3—85—0151, 3—85—0193 cons.

Opinion filed October 18, 1985.

Roger B. Gomien and Paul E. Root, both of Morris, for appellants.

John E. Cassidy, Jr., of Cassidy & Mueller, of Peoria, for appellees.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

This second chapter of the Skewer Inn saga involves counts directed against the owners and operators of the Northwoods Mall in Peoria (Northwoods). The court refused to dismiss those counts charging negligence against Northwoods. However, it did dismiss counts charging Northwoods with breach of warranty and strict liability based on theories of joint venture and agency with Skewer Inn. The court certified this interlocutory appeal pursuant to Supreme Court Rule 304(a). We affirm.

■■ It must be pointed out that the only questions before the court are entirely novel. The parties do not take issue with the general proposition that when a landlord turns over possession and control of the demised premises, he is not liable for injuries to invitees which arose from the operation of the tenant's business (*Richardson v. Bulk Petroleum Corp.* (1973), 11 Ill. App. 3d 655, 297 N.E.2d 405). The argument presented by plaintiffs is that the relationship created by the lease between Northwoods and Skewer Inn was different in kind from that of merely landlord and tenant.

Using the Northwoods-Skewer lease as ammunition, plaintiffs construct alternative grandiose theories of vicarious liability. It is first argued that the allegations of the complaint were sufficient to raise the issue of whether there was a joint venture between Skewer and Northwoods. The incidents of joint venture alleged are as follows:

(1) Skewer Inn was situated at Northwoods;

(2) It was not apparent to the public that Skewer was not owned and operated by agents of Northwoods. Moreover, Skewer was obliged to mention Northwoods' name and address in all advertisements;

(3) Northwoods retained a strong measure of control over the operation of Skewer; and

(4) There was an agreement to share the profits in a fixed percentage.

■ The principal argument in opposition raised by Northwoods is that the lease by its own terms provided that the relationship being created between Northwoods and Skewer was that of landlord and tenant and nothing more. We do not believe this to be a sufficient basis to defeat the complaint. As between themselves, whether a joint venture exists between two persons is a matter of intent and arises only when the parties so associate themselves. (*Carroll v. Caldwell* (1957), 12 Ill. 2d 487, 147 N.E.2d 69.) However, as against third persons, the intentions of the putative venturers matters not so much as the manner in which their enterprise is actually carried out and is held out to those third persons. Hence, the disclaimer of a joint venture is not sufficient by itself to defeat such a claim as a matter of law.

■ Ordinarily, whether or not a joint venture exists is a question for the trier of fact. (*Baker Farmers Co. v. ASF Corp.* (1975), 28 Ill. App. 3d 393, 328 N.E.2d 369.) However, where the complaint and attached exhibits reveal that necessary constituents of a joint venture cannot be alleged, defendant is entitled to a dismissal of the complaint.

■ ■ It is readily apparent that plaintiff's joint venture theory cannot withstand the most basic analysis. The theory, briefly stated, is that there is a symbiotic relationship between a mall business and the mall management. The operators of the mall seek to lease space to a variety of businesses to create a total shopping environment. In furtherance of this goal, the operators restrict the kind of advertising its tenants may publish, the hours of operation and even the scope of the wares offered for sale. It requires them to belong to a tenant's association which is formed to promote the mall generally. It pays its rents out of a percentage of the business it generates. Thus, it is no doubt true that this is not an ordinary commercial lease. But it is certainly not a joint venture either.

Several elements of a joint venture cannot be gleaned from the allegations of the complaint and attached exhibits at issue. There must be a community of interest in the purpose of the joint venture, and the parties must have some right to direct and govern the conduct of each other in connection therewith. (*Russell v. Klein* (1975), 33 Ill. App. 3d 1005, 339 N.E.2d 510.) While there is in some sense a community of interest in the success of Skewer as it contributes to the

success of Northwoods, and *vice versa*, it is also clear that the parties have entirely different aims in succeeding. More to the point, there is certainly nothing resembling the mutuality of control contemplated by a truly *joint* venture. By its very terms the complaint demonstrates the unchecked authority retained by Northwoods over Skewer, while there is no allegation that Skewer has the least bit of authority to influence the behavior of Northwoods.

What is clearly missing is the element of sharing of profits and losses. The allegation of a percentage rental agreement does not raise the issue. In *Richardson*, plaintiff urged that the percentage rental agreement in a service station lease took those parties out of the ordinary landlord-tenant relationship. The court disagreed, holding that this is a common practice in commercial leases and that nothing was indicated thereby. We agree. Furthermore, the fact that the rental arrangement was a percentage of gross sales above a fixed minimum rent destroys the notion that there was to be a sharing of losses between the parties. Northwoods might not profit as much if Skewer suffered a net loss, but it certainly would not share in that loss in any meaningful sense. Therefore, we hold that the complaint was insufficient as a matter of law to allege a joint venture.

■ No such detailed analysis is necessary to determine whether the complaint sufficiently alleges an agency relationship. An agent is one who acts under authority from another to transact business for him or manage his affairs, and who is required to act for such other. (*Dean v. Ketter* (1946), 328 Ill. App. 206, 65 N.E.2d 512.) The relationship at issue here falls well beyond the scope of this basic definition.

Plaintiffs have focused on one aspect of the law of principal and agent (right of control) and seek to fashion an agency relationship therefrom. Even conceding that Northwoods retained broad rights of control over Skewer, it does not follow that Skewer was the agent of Northwoods. A true agency requires that the agent's function be the carrying out of the principal's affairs. There is nothing to suggest that the instant relationship involved Skewer's tending to the affairs of Northwoods. It just so happens that in the course of furthering its own business (in fact, as the principal thereof), Skewer benefits Northwoods as one element of the retail gestalt. That hardly renders Skewer the agent of Northwoods for purposes of imputing liability in tort.

■ Beyond the technical aspects of agency and joint venture, there is something inherently troublesome about applying the concept of vicarious liability to the facts as alleged in the instant complaint. It

is ordinarily understood that liability is imposed vicariously because of some control or right of control that one person has over another. (*Sewell v. Wofford* (1985), 131 Ill. App. 3d 62, 475 N.E.2d 575.) While legal scholars do not so limit the realms of justifications, other rationales really are just subspecies of the concept of control (see, *e.g., Holda v. County of Kane* (1980), 88 Ill. App. 3d 522, 410 N.E.2d 522). Here, as has been already mentioned, there are aspects of control which Northwoods may exercise over Skewer. It is nonetheless difficult to see how this control would extend to the matter at issue—the manner in which food was prepared. Despite the provision in the lease reserving the right of inspection to Northwoods, it is a matter of simple common sense that this right was of virtually no value in preventing the tragic injuries suffered here. Accordingly, we hold as a matter of law that Northwoods cannot be held vicariously liable on the theories alleged. The dismissal of those counts of the complaint directed against Northwoods on the basis of breach of warranty and strict liability is affirmed.

Affirmed.

SCOTT and WOMBACHER, JJ., concur.