KORY A. LANG, Plaintiff-Appellant, v. CONSUMERS INSURANCE SER-
VICE, INC., *et al.*, Defendants-Appellees.

Second District No. 2—90—0848

Opinion filed December 6, 1991.

W. Randal Baudin, of McCuaig, Haeger & Bolz, of West Dundee, for appellant.

Richard A. Del Giudice and Patrick K. Nails, both of Gozdecki & Zido, of Chicago, Steven C. Lindberg and Richard Kamerman, both of Kamerman Freidman Anselmo & Lindberg, of Naperville, for appellees.

JUSTICE BOWMAN delivered the opinion of the court:

Plaintiff, Kory A. Lang, appeals from two orders of the circuit court of Kane County. One order dismissed counts I and II of Lang's first amended complaint against defendants, Consumers Insurance Service, Inc. (Consumers), and Interstate Bankers Mutual Casualty Company (Interstate), for failure to state a cause of action. The other order granted summary judgment in favor of Interstate as to count III. Plaintiff asserts that the dismissal of counts I and II was unfounded and that summary judgment for Interstate was improper because material factual issues remained unresolved.

Lang alleged the following facts as a basis for all three counts of the complaint. Prior to the incidents involved here, Consumers had been plaintiff's insurance agent, and Interstate had carried the insurance on his 1986 Toyota. At the end of April 1988 Lang purchased a 1988 Toyota 4-Runner vehicle from the Nugent Toyota Dealership. In the course of the purchase, and before plaintiff was allowed to remove the vehicle from the premises, Nugent's credit manager, Allen Goldberg, telephoned Consumers, spoke with a Consumers' employee, and requested verification that the 1988 Toyota would be covered by auto insurance. The employee verified coverage and indicated that it would be carried through Interstate. In reliance on Consumers' representation, plaintiff took delivery of the Toyota, started using it, and paid the premiums for insurance coverage when they became due. On September 24, 1988, Lang was involved in an auto collision which wrecked the 1988 Toyota. He filed a claim with Consumers and Interstate but was denied coverage.

Count I of the amended complaint alleged negligent misrepresentation by both defendants, Consumers because it had misrepresented to plaintiff that he had insurance coverage on the 1988 Toyota, and Interstate on the theory that Consumers was acting as its agent. In count II plaintiff alleged violations of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1987, ch. 121½, par. 261 *et seq.*) by both defendants. Again, plaintiff pursued Interstate on an agency theory. Both counts I and II sought relief in the form of damages. Count III sought a declaratory judgment that there was an auto insurance contract between Lang and Interstate for the 1988 Toyota and that Interstate must provide coverage for Lang's loss.

Both Consumers and Interstate filed motions to dismiss the amended complaint. By an order entered November 2, 1989, both motions were granted, with prejudice, as to counts I and II of the complaint. Lang's subsequent motion to file a second amended complaint was denied, and Consumers' motion to dismiss the entire cause of action against it was granted. In an order of June 28, 1990, Interstate's motion for summary judgment on count III was also granted, and the case against Interstate was dismissed. This timely appeal followed.

■ As a preliminary matter, Consumers correctly points out that there are inaccuracies in the notice of appeal filed by plaintiff. Specifically, the notice states that appeal is taken from a November 2, 1989, order granting Interstate's motion to dismiss counts I and II of the complaint. This is an incomplete statement of the contents of that order, which granted not only Interstate's motion to dismiss but also Consumers' motion to dismiss. Also, according to the notice, appeal is taken from a June 28, 1990, order granting Consumers' motion to dismiss. That order actually granted Interstate's motion for summary judgment.

While the filing of a notice of appeal is jurisdictional (134 Ill. 2d R. 301; *Bell Federal Savings & Loan Association v. Bank of Ravenswood* (1990), 203 Ill. App. 3d 219, 223), as has been established by the court in *Burtell v. First Charter Service Corp.* (1979), 76 Ill. 2d 427, 433, such a notice is to be construed liberally. The purpose of a notice of appeal is to inform the prevailing party in the trial court that his opponent seeks review by a higher court. (*Burtell*, 76 Ill. 2d at 433; *In re Marriage of Click* (1988), 169 Ill. App. 3d 48, 54.) Accordingly, notice should be considered as a whole and will be deemed sufficient to confer jurisdiction on an appellate court when it fairly and adequately sets out the judgment complained of and the relief sought, thus advising the successful litigant of the nature of the appeal. (*Burtell*, 76 Ill. 2d at 433-34; *March v. Miller-Jesser, Inc.* (1990), 202 Ill. App. 3d 148, 157; *Hamer v. Board of Education of Township*

*High School District No. 113* (1978), 66 Ill. App. 3d 7, 8-9.) Where the deficiency in notice is one of form, rather than substance, and the appellee is not prejudiced, the failure to comply strictly with the form of notice is not fatal. (*Burtell*, 76 Ill. 2d at 434; *In re Marriage of Betts* (1987), 159 Ill. App. 3d 327, 330.) We think Lang's notice of appeal is sufficient to withstand scrutiny under these principles.

While the notice does not completely or accurately set forth the content of the orders appealed from, it does correctly relate the dates the orders were entered. Too, it refers to motions to dismiss by both Interstate and Consumers; as we have mentioned, the earlier order granted motions to dismiss both defendants. In a separate paragraph the notice states that the cause was not ripe for appeal until entry of the June 28, 1990, order which "disposed of the cause and the parties in their entirety." Finally, the notice requests reversal of "both Orders" and reinstatement of the cause of action.

Although plaintiff's notice of appeal is confusing as to which order dismissed which party, and how they were dismissed, it leaves little doubt that plaintiff sought review by a higher court of the orders which resulted in the complete dismissal of his cause against both defendants. Those orders were the orders of November 2, 1989, and June 28, 1990. In addition, we note that defendants do not claim to have been prejudiced by the errors in the notice of appeal. On the contrary, both defendants have timely and fully responded to the arguments proffered by plaintiff in challenge to both orders cited by date in the notice. Considered in its entirety, the notice was adequate to advise the defendants of the judgments challenged and the relief sought by plaintiff and, thus, to apprise them of the nature of the appeal. Absent prejudice to defendants, the notice of appeal is sufficient to confer jurisdiction on this court. *Burtell*, 76 Ill. 2d at 433.

■ In another preliminary argument Consumers claims that plaintiff did not properly preserve for appellate review the issues he raises relevant to the order of November 2, 1989, which granted the defendants' motions to dismiss as to counts I and II of the complaint. Specifically, Consumers points out that plaintiff did not object or file "any memorandum" in opposition to the motion to dismiss and neither requested leave to amend his complaint nor objected to dismissal of the motion with prejudice. There is no merit to defendant's claim.

Plaintiff was not required to object formally or file a memorandum in opposition to defendant's motion. We are confident, however, that the motion did not pass unnoticed by plaintiff. The order entered on November 2, 1989, indicates that the matter was coming on to be heard on the motion to dismiss and that both plaintiff's and defend-

ants' attorneys were present. After "the court hearing all arguments" it was ordered that both defendants' motions were granted as to counts I and II of the complaint. Although the record does not contain a report of proceedings of the hearing on the motions, since plaintiff's counsel was present we think it reasonable to conclude that "all" the "arguments" heard by the court included an oral argument by plaintiff's counsel in opposition to Consumers' motion. Consumers does not claim otherwise. Such an argument would fulfill the same purpose as either a memorandum of law or an objection relative to the motion. Plaintiff was not obligated, either, to request further leave to amend his complaint or to object to dismissal with prejudice. He may have simply decided that an appeal of the trial court's disposition was the prudent direction to take. In sum, plaintiff's amended complaint was before the trial court. The motion to dismiss was addressed to the complaint. Argument was heard on the motion. On this record we cannot say the issues raised by plaintiff as to Consumers were not sufficiently preserved for review.

We turn now to the substantive issues raised on appeal. Plaintiff asserts that the trial court erred in granting the defendants' motions to dismiss as to counts I and II of the complaint. Both defendants' motions were brought pursuant to section 2—615(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615(b)) for failure to state a cause of action. The trial court's order, however, reflects only a bare grant of the two motions. The court did not make any findings or set forth any basis for dismissing the challenged counts. Under this circumstance we must review all issues raised in the motions and argued on appeal. (*Popp v. Dyslin* (1986), 149 Ill. App. 3d 956, 960.) Placing in the record the reasons for the trial court's final order would benefit this court and the parties and contribute to judicial efficiency. *Popp*, 149 Ill. App. 3d at 960.

For purposes of a motion to dismiss, all well-pleaded facts are regarded as true, and all reasonable inferences are drawn in favor of the nonmovant. (*Board of Education v. A, C & S, Inc.* (1989), 131 Ill. 2d 428, 438; *Anderson Electric, Inc. v. Ledbetter Erection Corp.* (1986), 115 Ill. 2d 146, 148.) A cause should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle the plaintiff to recover. (*Burdinie v. Village of Glendale Heights* (1990), 139 Ill. 2d 501, 504; *Payne v. Mill Race Inn* (1987), 152 Ill. App. 3d 269, 275.) We find that counts I and II of plaintiff's complaint, when viewed in light of these principles, were adequate to survive defendants' section 2—615 motions to dismiss.

In all three counts of his complaint, plaintiff seeks to hold Interstate liable on the ground that an agency relationship existed between Interstate and Consumers. In deciding Interstate's motion for summary judgment, the trial court found that there was no agency between the defendants. Interstate insists that the record supports this finding and reasons that, therefore, both the dismissal of counts I and II as to itself and the summary judgment in its favor on count III were proper. Since, as will be shown, the question of the sufficiency of count I turns on the agency issue, we will address that matter first.

■ An agent is one who, acting under authority from another, transacts business for him, and a true agency requires that the agent's function be the carrying out of the principal's affairs. (*Clapp v. JMK/Skewer, Inc.* (1985), 137 Ill. App. 3d 469, 472.) Plaintiff, however, does not claim to have alleged an actual agency between Consumers and Interstate. Rather, he urges that he adequately pleaded an apparent agency. An apparent agent is one who, whether authorized or not, reasonably appears to third persons to be authorized to act as the agent for another person, as a result of the acts of that other person. (*Mitchell Buick & Oldsmobile Sales, Inc. v. National Dealer Services, Inc.* (1985), 138 Ill. App. 3d 574, 582.) Too, an agency need not be expressed but may be implied from the facts of a particular situation. (*Mitchell*, 138 Ill. App. 3d at 582.) The existence and extent of an agency relationship can be shown, even if by circumstantial evidence, by reference to the parties' situation and acts. (*Milwaukee Mutual Insurance Co. v. Wessels* (1983), 114 Ill. App. 3d 746, 749.) However, the authority of an agent may only come from the principal, and the authority, therefore, must be traced to some word or act of the alleged principal, not the acts or words of the agent. (*Schoenberger v. Chicago Transit Authority* (1980), 84 Ill. App. 3d 1132, 1136.) Application of these principles, for purposes of determining the sufficiency of a complaint, persuades us that plaintiff's allegations adequately state an agency relationship.

■ Plaintiff alleged that Interstate authorized, allowed, and permitted Consumers to market, sell, and administer the sales, billing, and administration of its auto insurance policies to the public, including plaintiff; that at the time the alleged misrepresentations were made, Interstate was plaintiff's current auto insurance carrier and Consumers was his insurance agent; that plaintiff was billed by Consumers and/or Interstate for auto insurance coverage; that he paid the premiums as required by Consumers and Interstate; and that an employee of Consumers told him and Allen Goldberg that Interstate

would provide insurance coverage for the new vehicle. Taking the facts alleged as true and drawing inferences in favor of the nonmovant, as we must *(Board of Education v. A, C & S, Inc.* (1989), 131 Ill. 2d 428, 438), we believe plaintiff could prove facts showing that in the past he had purchased insurance from Interstate through Consumers, had been billed by Consumers for Interstate insurance, had remitted payment for Interstate insurance to or through Consumers, and had received aid from Consumers regarding the administration of his Interstate insurance policy. From these facts it could be inferred that Interstate knew Consumers was dealing with these various aspects of its insurance business and that Interstate was cooperating in those dealings. These facts and inferences could have made it reasonably appear to plaintiff that Consumers had been expressly authorized or, at the very least, allowed by Interstate to act as its agent and to transact business on its behalf. Thus, under plaintiff's complaint, we cannot say that no set of facts could be proved which would establish an agency relationship between Consumers and Interstate. Consequently, on this issue the complaint is adequate to withstand Interstate's motion to dismiss.

■■ Having determined that plaintiff sufficiently pleaded an agency relationship between Consumers and Interstate, we must now consider whether the allegations of count I state a cause of action for negligent misrepresentation against Consumers. An action for the tort of negligent misrepresentation may be maintained if the complaint alleges that the defendant is in the business of supplying information for the guidance of others in their business transactions and, therefore, owes a duty to plaintiff, a breach of that duty, and injury proximately caused by the breach. *Marino v. United Bank of Illinois, N.A.* (1985), 137 Ill. App. 3d 523, 528, citing *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 88-89; *Duhl v. Nash Realty Inc.* (1981), 102 Ill. App. 3d 483, 493.

In support of its motion to dismiss count I, Consumers argued that plaintiff failed to plead that Consumers' business is to supply information to aid others in their business dealings. Plaintiff responds by focusing on a number of allegations from which, he claims, it can reasonably be inferred that defendants were in such a business. We find that we need not decide this issue since, as we will explain, plaintiff's allegation that Consumers is an agent of Interstate precludes Consumers from being one of those in the business of supplying information for business guidance.

Plaintiff expressly pleaded the agency of Consumers in his complaint where he stated:

"[T]he Defendant, INTERSTATE, has authorized, allowed, and permitted at all times herein, the Defendant, CONSUMERS, to market, sell, and administer the sales, billing, and administration of its automobile insurance policies to members of the public, including the Plaintiff, and at all times herein, the Defendant, CONSUMERS, and its employee, *** were acting within the scope and authority of that agency relationship with the Defendant, INTERSTATE."

Although plaintiff pleaded that Consumers is an Illinois corporation doing business in Illinois, count I is devoid of assertions that, in regard to the pertinent events, Consumers acted as an entity separate and independent of Interstate. Thus, in the allegations of count I, plaintiff unmistakably claimed that Consumers was the agent of Interstate.

In its capacity as Interstate's agent, Consumers was acting on behalf of Interstate and under Interstate's authority. (See *Clapp v. JMK/Skewer, Inc.* (1985), 137 Ill. App. 3d 469, 472.) According to the complaint, Interstate "is a corporation selling automobile insurance policies, and is licensed to do so in the State of Illinois, and is doing business in the State of Illinois." In our view, this is an allegation that Interstate is in the business of selling auto insurance. Since Consumers was Interstate's agent at the time the relevant events occurred, it, too, was transacting the business of selling auto insurance. A true agency requires that the agent's function be the carrying out of the principal's affairs. (*Clapp*, 137 Ill. App. 3d at 472.) Under plaintiff's allegations, both Interstate and Consumers were selling insurance to members of the public, including plaintiff. Consequently, for purposes of negligent misrepresentation they were not in the business of providing information for others' business guidance.

While we have found no cases directly on point, in similar cases involving representations made by sellers to reliant buyers, the courts have refused to find that the sellers were engaged in the business of supplying information for others' guidance. In *Black, Jackson & Simmons Insurance Brokerage, Inc. v. International Business Machines Corp.* (1982), 109 Ill. App. 3d 132, Black, Jackson contacted representatives of IBM and, at IBM's suggestion, also contacted defendant Lubin, regarding the use of a computer in its insurance business. Based on representations by the defendants that a certain type of system would meet its needs, Black, Jackson purchased a computer from IBM and computer software from Lubin. When the system proved to be inadequate, Black, Jackson sued for negligent misrepresentation to recover for economic losses. The court held that Black, Jackson could

not state such a cause of action because neither IBM nor Lubin was in the business of supplying information. Rather, they were selling merchandise to Black, Jackson. Moreover, in its discussion, the *Black, Jackson* court cited *National Can Corp. v. Whittaker Corp.* (N.D. Ill. 1981), 505 F. Supp. 147, where the court noted that negligent misrepresentation actions are almost universally limited to situations involving one who, in the course of his business or profession, supplies information for the guidance of others in their business relations with third parties. (*Black, Jackson*, 109 Ill. App. 3d at 135.) IBM and Lubin had not supplied information to assist Black, Jackson in its dealings with a third party. What they had given was information pertinent to their own dealings with Black, Jackson.

Similarly, in *Knox College v. Celotex Corp.* (1983), 117 Ill. App. 3d 304, defendant had supplied roofing materials for a roof later found to be defective. Plaintiff charged that defendant had negligently misrepresented the quality and durability of the roofing materials. Citing *Black, Jackson*, the *Knox* court found that a negligent misrepresentation cause of action could not be stated because the defendant was not engaged in the business of supplying information for the guidance of others in their business transactions with third parties. Rather, defendant was simply a manufacturer and seller of roofing materials.

In another comparable case, *Pasulka v. Koob* (1988), 170 Ill. App. 3d 191, the owner/seller of real estate was sued by a buyer for allegedly negligent misrepresentations about the property. Citing the principle that negligent misrepresentation lies only where the defendant supplies information for guidance in business dealings with third parties, the court held that a directed verdict in favor of the seller on this issue was proper.

Finally, in *Century Universal Enterprises, Inc. v. Triana Development Corp.* (1987), 158 Ill. App. 3d 182, the complaint alleged that defendant negligently misrepresented that it had the knowledge and ability necessary to manage and operate a joint venture project in which plaintiff and defendant were mutually engaged. The court held that defendant was not in the business of supplying information for others' guidance, but solely in the business of managing the venture. The trial court's dismissal of the negligent misrepresentation count of the complaint, for failure to state a cause of action, was affirmed.

Based on plaintiff's own allegations, we conclude that Consumers and Interstate, like defendants in the cited cases, were not in the business of supplying information to guide others in their business transactions. Just as defendants in *Black, Jackson* and *Knox* were selling, respectively, computer equipment and roofing materials di-

rectly to consumers, and defendant in *Pasulka* was selling his real estate directly to a buyer, defendants here were selling insurance directly to insureds, including plaintiff. Any information that was given to Lang by Consumers was not supplied to aid him in his business with others, but was merely incidental to his insurance transaction with Consumers and its principal, Interstate.

Plaintiff's reliance on *Duhl v. Nash Realty Inc.* (1981), 102 Ill. App. 3d 483, is misplaced. In *Duhl*, defendant realtor made materially inaccurate representations to plaintiffs sellers who had sought the realtor's advice regarding the value and saleability of their home. The information was important to plaintiffs because they were relying on the sale of their present home to enable them to purchase a new home. The sellers stated a cause of action for negligent misrepresentation against defendant realtor, in part because the realtor, in the course of its business, supplied information to guide plaintiffs in the process of buying and selling a home and, thus, had a duty to exercise care in obtaining and communicating that information. Unlike the defendants in *Black, Jackson, Knox* and *Pasulka*, who were imparting information to plaintiffs relative to a transaction between plaintiff and themselves, the defendant in *Duhl* had been sought out by plaintiffs for the very purpose of providing information to guide them in the sale of their present home to a third-party buyer, as well as in the purchase of a new home from a third-party seller. *Duhl* supports the result we have reached regarding the issue of Consumers' liability for negligent misrepresentation.

Absent allegations that Consumers was in the business of supplying information to aid Lang in his business with third parties, we conclude that no set of facts could be proven under count I which would entitle plaintiff to relief from Consumers for negligent misrepresentation. Since a cause of action cannot be stated against Consumers, neither can a cause of action be stated against Consumers' principal, Interstate. Accordingly, the trial court correctly dismissed count I as to both Consumers and Interstate.

■ We are aware that plaintiff alleged that, as a result of a "previous insurance business relationship," there existed a fiduciary relationship between himself and Consumers and Interstate which imposed a duty on defendants not to cause him harm. Assuming, without deciding, that at some point there was a fiduciary relationship between plaintiff and defendants, plaintiff still could not prevail on this issue under the allegations of his complaint.

Plaintiff correctly asserts that an insurance broker may be regarded as an agent, and thus a fiduciary, of an insured. (See *Browder*

*v. Hanley Dawson Cadillac Co.* (1978), 62 Ill. App. 3d 623.) It is established, also, that an insurance broker may even be the agent of both the insurer and the insured. (*Anfinsen Plastic Molding Co. v. Konen* (1979), 68 Ill. App. 3d 355, 361; *Browder*, 62 Ill. App. 3d at 629.) In such a case, the facts must be closely examined to determine who is the principal of the agent and to whom the agent may owe a duty. (*Browder*, 62 Ill. App. 3d at 629.) Thus, while it is possible that, at varying times, Consumers acted as an agent for both Lang and Interstate, according to Lang's complaint, *at the time the misrepresentations were made* Consumers was an agent of Interstate. The complaint sets forth the facts underlying the allegation that Consumers is Interstate's agent, then explicitly states that "at all times herein, the Defendant CONSUMERS, and its employee, *** were acting within the scope and authority of that agency relationship with the Defendant, INTERSTATE." Since, according to plaintiff's own allegations, Consumers was acting in its capacity as Interstate's agent, Consumers owed a fiduciary duty to Interstate rather than plaintiff. Consequently, Consumers had no duty of a fiduciary nature not to cause harm to plaintiff.

We next consider whether count II of the complaint was properly dismissed for failure to state a cause of action. In count II plaintiff realleged the factual background set forth in count I and asserted again that Consumers and Interstate shared an agency relationship. As a basis for liability in count II plaintiff alleged that defendants violated provisions of the Consumer Fraud and Deceptive Business Practices Act (Act) (Ill. Rev. Stat. 1987, ch. 121½, par. 261 *et seq.*). The portion of the Act cited in the complaint provides:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, *** in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." Ill. Rev. Stat. 1987, ch. 121½, par. 262.

Consumers responded in its motion to dismiss, and argues on appeal, that the Act was not applicable because the events complained of did not involve a "sale" as required by the Act. Consumers insists that the alleged misrepresentation occurred during what was merely a verification of insurance coverage and not during the sale of insurance. Consumers' argument cannot be sustained.

■ According to section 1(d) of the Act, "[t]he term 'sale' includes any sale, offer for sale, or attempt to sell any merchandise for cash or on credit." (Ill. Rev. Stat. 1987, ch. 121½, par. 261(d).) It is true that plaintiff alleged that Allen Goldberg called Consumers and requested "verification" that plaintiff's new truck would be covered by insurance. However, implicit in this sequence of events is plaintiff's need and desire to purchase whatever additional or new insurance was necessary to cover the greater value of his new vehicle. Plaintiff also alleged that, based on Consumers' representations, he took delivery of the truck. Implicit in *these* allegations is that plaintiff believed he had purchased the necessary insurance. The misrepresentations alleged by plaintiff unequivocally occurred in relation to a sale.

Interstate's argument regarding plaintiff's invocation of the Act is totally unfounded. In its appellate brief Interstate asserts, "A contract of insurance does not fall into the Deceptive Practices Act. Plaintiff stretches the language to the limit *** by suggesting that the contract of insurance was a 'sale' and that the policy itself was 'merchandise.' " Defendant would be well advised to peruse *Fox v. Industrial Casualty Insurance Co.* (1981), 98 Ill. App. 3d 543, where the court said:

> "The Act itself defines a consumer as 'any person who purchases or contracts for the purchase of merchandise ***.' [Citation.] The Act defines merchandise as including 'any objects, wares, goods, commodities, intangibles, real estate situated outside the state of Illinois, or *services*.' (Emphasis added.) [Citation.] The sale of insurance is clearly a service and insureds are thus consumers and within the protection of the Consumer Fraud Act." (*Fox*, 98 Ill. App. 3d at 546.)

The court in *Petersen v. Allstate Insurance Co.* (1988), 171 Ill. App. 3d 909, relied on *Fox* to find, like *Fox*, that purchasers of insurance are protected by the Act. We conclude that plaintiff's attempt to secure whatever additional insurance he required does, indeed, fall within the parameters of the Act.

Since the Act is applicable to this situation and the alleged transaction between plaintiff and Consumers was a "sale" for purposes of the Act, we will consider the sufficiency of the allegations of count II. The Act prohibits the use of deception, false promise, misrepresentation and the like in the conduct of a sale. Plaintiff alleged that the statements made by Consumers' employee to Allen Goldberg, indicating that his new vehicle would be fully covered by auto insurance, constituted a misrepresentation in that, at the time they were made, Consumers and Interstate had no intention of providing the insurance

they promised. Taking these allegations as true, we cannot say that count II is so deficient that it does not state a cause of action as to Consumers. Further, since we have already determined that plaintiff adequately alleged that Consumers was an agent of Interstate, count II also sufficiently states a cause of action against Interstate.

The final matter to be determined is whether Interstate was properly granted summary judgment on count III. Initially, we note that the trial court order of November 2, 1989, granted both Consumers' and Interstate's motions to dismiss as to counts I and II. Nevertheless, the order of June 28, after reciting that Interstate moved for relief as to counts I, II and III, granted the motion and dismissed the matter as to Interstate. Since counts I and II had already been dismissed and were no longer before the court when the motion for summary judgment was decided, we will consider the propriety of summary judgment only as to count III.

Like the other two counts of the complaint, count III first alleged that Consumers was an agent of Interstate. According to the other allegations of count III, Consumers' representation that insurance coverage would be provided for Lang's new vehicle, combined with the billing of Lang for the insurance and Lang's payment of premiums, constituted an express or implied contract of insurance between Lang and Interstate, Consumers' alleged principal. After finding that Consumers was not the agent of Interstate, that Consumers had no authority to bind Interstate to coverage, and that Interstate did not have the authority to insure in the amount of coverage sought by plaintiff, the trial court granted Interstate's motion for summary judgment. On appeal plaintiff stresses that there are as yet unresolved, material questions of fact in this case which precluded the entry of summary judgment.

Summary judgment is a drastic means of ending litigation and should be granted only when the movant's right to relief is clear and free from doubt. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240; *Byron Community Unit School District No. 226 v. Dunham-Bush, Inc.* (1991), 215 Ill. App. 3d 343, 347.) A motion for summary judgment should be allowed when the pleadings, depositions, admissions and affidavits on file demonstrate that there remains no genuine issue of material fact and that the moving party is entitled to summary judgment as a matter of law. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c); *Logan v. Old Enterprise Farms, Ltd.* (1990), 139 Ill. 2d 229, 233-34.) The evidence must be strictly construed against the party seeking summary judgment and liberally in favor of the opponent. (*Logan*, 139 Ill. 2d at 234; *Byron*, 215 Ill. App. 3d at 347.) Upon application of

these principles, we find that summary judgment in favor of Interstate was improvidently granted.

■ First of all, we agree with plaintiff that material factual questions have not been resolved. Plaintiff urges that Interstate's argument and supporting authority on the issue of agency are addressed to the question of whether there was an actual agency between itself and Consumers, whereas plaintiff's complaint alleged an *apparent* agency. Careful examination of Interstate's appellate brief, as well as its memorandum of law in support of the motion for summary judgment, persuades us that plaintiff is correct. Thus, even if the record reflected no dispute as to an actual agency, there is still a question regarding the existence of an apparent agency. Unless there is no dispute regarding the parties' relationship, the existence and scope of an agency relationship are questions of fact to be determined by the trier of fact. (*Milwaukee Mutual Insurance Co. v. Wessels* (1983), 114 Ill. App. 3d 746, 749.) Since the relationship between Consumers and Interstate cannot be described as undisputed, whether there was an agency relationship, albeit an apparent agency, is a factual question which must be resolved by a trier of fact.

The record also reflects that it remains vigorously contested whether Lang, or anyone on his behalf, notified Consumers that he was replacing his insured 1986 vehicle with a new 1988 vehicle, indicated to Consumers that he needed insurance coverage on the new vehicle, and received assurances from Consumers that the new vehicle was covered. In sum, the pleadings, depositions, and affidavits filed in this case reveal that material factual questions have not been resolved. Consequently, summary judgment was not appropriate.

In addition to finding, in the context of count III, that Consumers was not an agent of Interstate, the trial court concluded that Interstate did not have authority to insure in the amount needed by plaintiff to cover his new vehicle. This issue was raised by Interstate in its motion for summary judgment and is pressed again in this appeal. Curiously, although plaintiff alleged the existence of a contract in count III, and this is a contract issue, plaintiff did not respond to this argument either in the trial court or in this court. Nevertheless, after reviewing the record we are of the opinion that the trial court lacked an adequate foundation for its determination of this question.

In his prayer for relief in count III, plaintiff asked the court, essentially, to enforce the contract he alleged. However, if Interstate could not legally have entered into the purported contract, as urged by Interstate, the court could not have enforced it. A contract which necessarily contemplates a violation of law is void and unenforceable.

(*Klubeck v. Division Medical X-Ray, Inc.* (1982), 108 Ill. App. 3d 630, 635; *Broverman v. City of Taylorville* (1978), 64 Ill. App. 3d 522, 526-27.) Interstate focuses on statements in the record which suggest that it was prohibited from writing a policy to provide the amount of coverage needed for plaintiff's vehicle.

The president of Interstate stated in his affidavit that Interstate was authorized by the Department of Insurance to write property damage coverage only up to a maximum of $8,000, an amount that would not have covered the value of plaintiff's vehicle. The president of Consumers stated at his discovery deposition that his office had known at the time Lang purchased the 1988 Toyota that Interstate was restricted to writing policies on vehicles of less than $8,000 in value. While we acknowledge the evidence of Interstate's limitations, we note that all of it comes from officers of the defendants. We can find nothing in the relevant affidavit or deposition, or anywhere else in the record, that purports to be a copy of, or cites to, or alludes to a statute, regulation, rule, or otherwise as authority for the restrictions claimed by Interstate.

The references in the record imply, and Interstate's argument on appeal urges, that it would have been illegal for Interstate to write the insurance plaintiff needed. It is a source of wonder, then, why neither of the defendants set forth the basis for the claim of illegality, either in the trial court or in this court. As we see it, whether Interstate did or did not have the legal power to write the insurance coverage at issue was a question which could not be resolved solely on the basis of the statements of the defendants. Absent the authority for those statements, it could not be found as a matter of law that Interstate could not write the necessary insurance. Thus, with regard to count III, Interstate was not entitled to summary judgment as a matter of law.

For these reasons, the portion of the November 2, 1989, order of the circuit court of Kane County which dismissed count I of the complaint as to both defendants is affirmed. The portion of that order which dismissed count II as to both defendants is reversed, and the matter is remanded to the trial court for further proceedings. The order of June 28, 1990, which granted summary judgment to Interstate as to count III of the complaint, is reversed, and the matter is remanded to the trial court for further proceedings.

Affirmed in part; reversed in part and remanded.

GEIGER and McLAREN, JJ., concur.