2021 IL App (1st) 181923-U

No. 1-18-1923

Second Division
May 11, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 01 CR 17131 |
| VERNON TOLBERT, | ) ) | Honorable James B. Linn |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE COBBS delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Pucinski concurred in the judgment.

**ORDER**

¶ 1    *Held*:   This appeal is dismissed for lack of jurisdiction where defendant's notice of appeal did not identify the appropriate order upon which the arguments in his brief were based.

¶ 2    Defendant-appellant Vernon Tolbert was convicted of first degree murder and was sentenced to 65 years' imprisonment. This appeal arises from the circuit court's July 13, 2018 denial of defendant's *pro se* successive postconviction petition alleging actual innocence pursuant

to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)). For the following reasons, we dismiss this appeal.

¶ 3                                     I. BACKGROUND

¶ 4     The evidence elicited at trial was set out extensively in our Rule 23 order filed in defendant's direct appeal. *People v. Tolbert*, 354 Ill. App. 3d 94 (2004). As such, we set forth below only the facts pertinent to the resolution of this appeal.

¶ 5     Following a 2002 jury trial, defendant was found guilty of first degree murder (720 ILCS 5/9-1(a) (West 2000)) for the August 27, 2000 shooting of Jesse Montgomery at a nightclub in Chicago. At trial, the identity of the shooter was at issue and defendant presented testimony from individuals who were at the nightclub that evening to show he was not the shooter. The State, however, presented evidence from four eyewitnesses who identified defendant as the shooter.

¶ 6     The evidence established that the shooter held a Corona beer bottle that was later found on a counter at the nightclub. The bottle was inventoried and examined for fingerprints, but there were no latent prints found that were suitable for comparison.

¶ 7     Tracy Foreman testified that she was standing between Montgomery and the shooter when the shooter raised a gun in his right hand and aimed it at Montgomery. On cross-examination, she stated that the shooter was holding a Budweiser bottle at the time of the shooting. At first, she testified that the shooter was holding it in his right hand, but later clarified that it must have been his left hand.

¶ 8     Defendant was sentenced to 65 years' imprisonment, which included a 25-year firearm enhancement. On direct appeal, this court affirmed his conviction and sentence. *People v. Tolbert*, 354 Ill. App. 3d 94 (2004).

¶ 9    After defendant exhausted his right to direct review, he initiated a series of collateral attacks on his conviction, all of which were found to be unmeritorious. Each time that defendant has sought appellate review of the circuit court's orders denying him collateral relief, this court has affirmed. *People v. Tolbert*, Nos. 1-04-2451 & 1-04-2531 (cons.) (2006); No. 1-05-2914 (2008) (unpublished order under Illinois Supreme Court Rule 23); No. 1-06-2853 (2007) (unpublished order under Illinois Supreme Court Rule 23); No. 1-09-2332 (2011) (unpublished order under Illinois Supreme Court Rule 23); No. 1-12-0373 (2013) (unpublished order under Supreme Court Rule 23).

¶ 10    Since 2013, defendant has filed countless *pro se* pleadings in the circuit court, which we need not recount in full here. With the exception of one such filing, in which defendant successfully sought retesting of the beer bottle for fingerprints, these filings were found to be without merit. In 2015, defendant again requested that the bottle be retested for fingerprints pursuant to section 116-3 of the Code of Criminal Procedure of 1963 (725 ILCS 5/116-3) (West 2014). A public defender was appointed to represent defendant on this motion. The parties agreed to retesting, and the court entered an order to that effect. In 2016, a forensic investigator reported that a latent print was found on the bottle which was suitable for comparison and concluded that it matched a finger on defendant's right hand to a reasonable degree of scientific certainty.

¶ 11    From May to October 2016, defendant filed multiple *pro se* filings. Then, on December 22, 2016, defendant filed a "Motion to Withdraw all *Pro Se* Motions and Petitions filed by Defendant accept [*sic*] Motions or Petitions Defendant is currently represented by counsel on." On February 27, 2017, the record shows that defendant's motion to withdraw all of his *pro se* motions and petitions was granted.

¶ 12    On March 7, 2017, defendant filed a "Motion for Leave to file Successive Petition for Post-Conviction Relief/Successive Petition for Postconviction Relief Date 2-27-2017." Defendant filed a supplement on March 10, 2017. On March 21, 2017, he filed a "Petition for Relief from Judgment 2/27/2017." Throughout March and April, defendant filed several amended or supplemental motions to these petitions.

¶ 13    On April 24, 2017, the court allowed the public defender to withdraw as counsel for defendant. On July 18, 2017, the court entered an order stating that there were no further matters pending following the grant of defendant's motion to withdraw all motions and petitions. On September 13, 2017, defendant filed a motion to substitute Judge Arthur F. Hill, and the case was reassigned to Judge James B. Linn.

¶ 14    On October 17, 19, and 31, 2017, defendant filed the following, respectively: "Supplement Successive Postconviction Petition Dated 10-11-2017"; "Motion for Leave to File Defendant's Supplement Amended Petition for Relief from Judgment"; and "Motion for Leave to File Defendant's Second Supplement Amended Petition for Relief from Judgment." Because these petitions are relevant to our analysis, we summarize the arguments contained therein.

¶ 15    In his postconviction petition, defendant argues actual innocence based on the newly discovered fingerprint evidence. He claims this evidence is material and relevant because it would be impossible for him to shoot with his right hand while also holding the Corona beer bottle with the same hand. He also takes issue with Foreman's testimony that he was holding a Budweiser bottle and not a Corona bottle, which the new evidence now proves to be false. He further claims that the police moved the bottle from where defendant dropped it to the countertop near where Montgomery was shot; that the newly discovered evidence contradicts the evidence at trial that

there were no latent fingerprint impressions suitable for comparison; and that the State's witnesses' testimony was conflicting and unreliable.

¶ 16    In his petition for relief from judgment, wherein he cites to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2016)) as the basis for his filing, defendant requests that his conviction be reversed outright due to the false testimony of several witnesses, including the stipulated testimony of the forensic expert that there were no prints suitable for comparison. He again argues actual innocence asserting contentions identical to those asserted in the postconviction petition. The last filing, defendant's motion for leave to file a second amended petition, contains identical arguments.

¶ 17    On January 11, 2018, the court entered an order denying defendant's section 2-1401 petition and successive postconviction petition filed in October 2017, finding they lacked merit. In its written order, the court characterized defendant's filings as essentially claiming that "the discovery of the matching print on the Corona bottle exonerates him, the original forensic finding was false, and the stipulation prejudiced him." As to defendant's section 2-1401 petition, the court concluded that defendant's claim was a fact-dependent challenge that was barred by the two-year statute of limitations. As to his actual innocence claim in his postconviction petition, the court found that the newly discovered evidence, *i.e.* the fingerprint testing results, was not of such conclusive character as to result in a retrial that would more probably than not end in acquittal of the charges. On February 8, 2018, defendant filed a motion to reconsider the denial. On April 24, 2018, notice of the court's April 19, 2018 denial was sent to defendant in which he was advised that he had 30 days to file an appeal. No appeal was taken.

¶ 18    On June 19, 2018, defendant filed a motion for leave to file a successive postconviction petition. In this motion, defendant included the following arguments, which are essentially the

same as the arguments made in his October petitions. Specifically, defendant argued that the results of the fingerprint testing contradict the trial testimony of Foreman, who testified that defendant was holding a Budweiser bottle just prior to shooting Montgomery. He also argued that the new fingerprint evidence was "material and relevant" because it showed he could not have shot Montgomery with his right hand while also holding the bottle in that hand. He also claims that the police planted the bottle on the countertop where Montgomery was shot and not near the door where defendant claims he dropped it.

¶ 19    On July 13, 2018, the court orally ruled as follows:

> "And [defendant] has also filed a motion to file a successive post-conviction petition. The filings that he has included now are identical to numerous pleadings that he's had over the years.
>
> He is very concerned about a beer bottle that had his fingerprints on it. How it got on his car. That is a matter that's been looked at, explored and rejected numerous times in court at all different stages of the proceedings and trial and post trial and post conviction matters and on this appeal.
>
> This is duplicatus [*sic*] and accordingly his – and already resolved. So his motions are denied without merit and duplicatus [*sic*]."

¶ 20    On August 3, 2018, defendant filed a notice of appeal identifying the trial court's July 13, 2018 as the order from which the appeal was filed. Around the time the August appeal was filed, defendant filed two other appeals (No. 1-18-2390; No. 1-18-1654), and an additional one on December 8, 2020 (No. 1-20-1338), all of which are currently pending our disposition.

¶ 21                                II. ANALYSIS

¶ 22                                A. Jurisdiction

¶ 23    " 'A reviewing court must be certain of its jurisdiction prior to proceeding in a cause of action.' " *People v. Smith*, 228 Ill. 2d 95, 106 (2008) (quoting *R.W. Dunteman Co. v. C/G Enterprises, Inc.*, 181 Ill. 2d 153, 159 (1998)). Consequently, we first address the State's argument that this court lacks jurisdiction due to defects in defendant's notice of appeal.

¶ 24    The majority of the State's brief is dedicated to challenging this court's jurisdiction over the notice of appeal filed in the common law record, which is dated July 5, 2018 and has a file stamp of July 12, 2018. June 19, 2018 is listed as the date of the order from which the appeal is taken, but it specifies "Motion for fingerprints, integrated ballistics identification system, DNA testimony or forensic testing not available at trial regarding his actual innocence dated February 21, 2018, and supplement motion for fingerprint, integrated ballistic identification system, DNA testing or forensic testing not available at trial regarding his actual innocence dated April 30, 2018" as the "nature of order appealed from." The State argues that defendant's notice of appeal is flawed in that defendant's brief argues that the court's January 11, 2018 order was incorrect but that order was not included in the notice of appeal nor would it have been timely even if it had been included. Further, the State points out that no orders were even entered on any of the dates mentioned in defendant's notice of appeal.

¶ 25    However, upon further investigation by this court, the notice of appeal upon which the State relies for its arguments is not associated with this appeal. Instead, the correct notice of appeal, which is the subject of our review here, identifies July 13, 2018 as the order being appealed and identifies the order as follows: "Motion to Suppress the Evidence/Motion to Dismiss Charges, and Successive Post Conviction Petition dated June 6, 2018." The notice of appeal is dated August 3, 2018 and has a file stamp of August 10, 2018. Thus, we accept this notice of appeal as valid and base our analysis below on it.

¶ 26    "A notice of appeal is a procedural device filed with the trial court that, when timely filed, vests jurisdiction in the appellate court in order to permit review of the judgment such that it may be affirmed, reversed, or modified." *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 173 (2011). In accordance with our supreme court rules, the notice of appeal must "specify the judgment or part thereof appealed from." Ill. S. Ct. R 303(c)(2) (eff. July 1, 2017). Though "[b]riefs, and not the notice of appeal itself, specify the precise points to be relied upon for reversal[,]" this court may "consider only the judgments or part thereof specified in the notice of appeal." *Burtell v. First Charter Service Corp.*, 76 Ill. 2d 427, 433 (1979). We cannot review judgments not specified or not fairly to be inferred from the notice, which can occur where "the specified order directly relates back to the judgment or order sought to be reviewed." *Id.* at 434.

¶ 27    We note that notices of appeal are to be liberally construed; however, one of the purposes of them is to apprise the opposing party of the judgment to be litigated on appeal. *People v. Smith*, 228 Ill. 2d 95, 104 (2008). The notice of appeal " 'will be deemed sufficient to confer jurisdiction on an appellate court when it fairly and adequately sets out the judgment complained of and the relief sought, thus advising the successful litigant of the nature of the appeal.' " *Id.* at 105 (quoting *Lang v. Consumers Insurance Service, Inc.*, 222 Ill. App. 3d 226, 229 (1991)). " 'Where the deficiency in notice is one of form, rather than substance, and the appellee is not prejudiced, the failure to comply strictly with the form of notice is not fatal.' " *Id.* (quoting *Lang*, 222 Ill. App. 3d at 230).

¶ 28    In the case before us, as the State argues, there is a discord between the notice of appeal and the substance of the arguments presented in defendant's brief. Defendant's brief discusses the circuit court's January 11, 2018 dismissal of his October 2017 *pro se* petition for relief from judgment and motion for leave to file a successive postconviction petition. The notice, however,

identifies the order from which he appeals as the court's July 13, 2018 order denying his June 19, 2018 motion for leave to file a successive postconviction petition. Even though we are construing two different notices of appeal, the State's arguments are nonetheless valid and applicable here. We agree with the State. We do not have jurisdiction over this appeal.

¶ 29 Specifically, defendant includes the requisite jurisdictional statement in his brief, and it states, in pertinent part, as follows: "The judgments being appealed was [*sic*] entered on January 11, 2018, timely motions to reconsider was [*sic*] filed and denied. Timely notice of appeals were filed within 30 days of final judgment[.]" The "Nature of the Case" section of his brief also states that he is appealing from the January 11, 2018 dismissal of several of his filings. The substance of defendant's arguments also reveals that he is seeking review of the January 11, 2018 order, as one of his arguments is related to a section 2-1401 petition, which was at issue in the January 11, 2018 order, and not in the July 18, 2018 order.

¶ 30 As the record shows, defendant timely moved for the court to reconsider that January 11, 2018 order, which the court denied on April 19, 2018. Notice of that denial was sent to defendant on April 24, 2018, in which he was advised that he had 30 days to file an appeal. However, as demonstrated above, his notice of appeal associated with this case does not identify the judgment about which he complains in his brief, namely the January 11, 2018 order. Instead, the notice identifies only the court's order of July 18, 2018. Obviously, an August 2018 notice of appeal of a January 2018 final order would not be timely. See Ill. S. Ct. R. 606(a) and (b) (eff. Mar. 12, 2021) (to appeal a final judgment in a criminal proceeding, the defendant must file a notice of appeal with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from). Defendant's notice of appeal simply does not confer jurisdiction upon this court to consider the circuit court's January 11, 2018 order. See *Johnson v. Coleman*, 47 Ill. App. 3d

671, 674 (1977) ("Where no timely appeal is taken from a final and appealable order this court is without jurisdiction to consider the propriety of that order.").

¶ 31    Moreover, the notice of appeal failed to apprise the State of the precise nature of the appeal, where defendant's arguments were based on different judgments and filings than those from which he claimed he was appealing. The defect here is not merely one of form, but of substance,-and we believe that the State was prejudiced by it. Regardless of whether the notice of appeal is liberally construed, the State should not be required to speculate and prepare arguments in response to every possible order defendant could contend was improper. For these reasons, we must dismiss this appeal.

¶ 32    As a final note, our review of the record shows that many of defendant's filings in 2017 and 2018 contained nearly identical arguments; however, the redundancy of defendant's filings cannot excuse the lack of jurisdiction over this appeal. An order "from which an appeal might have been taken may not be reviewed on appeal from a subsequent order entered in the same case." *Johnson*, 47 Ill. App. 3d 673-74. Defendant failed to timely appeal the January 11, 2018 order, about which he was informed that he had 30 days to appeal. This is by no means defendant's first appeal. Based on our review of the notice and the briefs, it is clear that defendant sought to have this court review an order which became final long before the filing of his July notice. He cannot blatantly attempt to evade those rules which govern our jurisdiction, and we cannot overlook them.

¶ 33                                    III. CONCLUSION

¶ 34    For the reasons stated, we dismiss this appeal.

¶ 35    Appeal dismissed.