2022 IL App (1st) 201281-U

SIXTH DIVISION
March 18, 2022

Nos. 1-20-1281, 1-20-1282, 1-20-1283

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

_____

| | | |
|---|---|---|
| TINA McCLELLAN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CALUMET CITY POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendant-Appellee. | ) | Appeal from the |
| TINA McCLELLAN, | ) | Circuit Court of |
| | ) | Cook County |
| Plaintiff-Appellant, | ) | |
| | ) | Nos.    20 L 9926 |
| v. | ) | 20 L 9928 |
| | ) | 20 L 9929 |
| WES TOWING COMPANY, | ) | |
| | ) | The Honorable |
| Defendant-Appellee. | ) | James P. Flannery, |
| TINA McCLELLAN, | ) | Judge, presiding. |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FARMERS INSURANCE CO., | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

_____

PRESIDING JUSTICE PIERCE delivered the judgment of the court.
Justices Harris and Mikva concurred in the judgment.

## ORDER

¶ 1    *Held*:   Appeals dismissed for lack of appellate jurisdiction.

¶ 2    In these consolidated appeals, plaintiff, Tina McClellan, appeals from three circuit court orders denying her fee waiver petitions. We dismiss her appeals for lack of jurisdiction.

¶ 3                                    I. BACKGROUND

¶ 4    On September 16, 2020, plaintiff filed three *pro se* complaints: one against the Calumet City Police Department (case no. 20-L-9926), one against Wes Towing Co. (case no. 20-L-9928), and one against Farmers Insurance Co. (Farmers) (case no. 20-L-9929). The three complaints are nearly identical. Generally, plaintiff alleged that she owned ten commercial vehicles that the Calumet City Police Department and Wes Towing wrongfully towed from her parking lot and refused to return the vehicles and her personal belongings, despite plaintiff showing proof of ownership of the vehicles. Plaintiff called Farmers to make a claim, but Farmers told her that the Calumet City Police Department told Farmers to deny the claim, so Farmers did.

¶ 5    The procedural progression of the three cases subject to these consolidated appeals in the circuit court is identical. On September 16, 2020, plaintiff filed applications for fee waivers in each of the cases. On September 22, 2020, the circuit court denied all three fee waiver applications after finding that plaintiff "fail[ed] to state a claim on which relief may be granted," and ordered plaintiff to pay all fees, costs, and charges by October 14, 2020. On October 16, 2020, the circuit court entered orders administratively dismissing each of the three cases because plaintiff had not paid the required fees as ordered. On November 23, 2020, plaintiff filed notices of appeal in each of the three cases. Each notice of appeal identified the circuit court's September 22, 2020, order as the judgment being appealed. None of the defendants were served a summons or complaint, and none

of the defendants filed briefs in this court. We ordered each of the appeals to be taken on the record and plaintiff's brief only, and on our own motion, consolidated the appeals.

¶ 6                                    II. ANALYSIS

¶ 7      Plaintiff's three *pro se* appellant briefs—which are identical in all material respects—do not comply with Illinois Supreme Court Rule 341, because, among other deficiencies, they do not contain statements of jurisdiction or identify the supreme court rule that confers this court with jurisdiction. Ill. S. Ct. R. 341(h)(4)(ii) (eff. Oct. 1, 2020). Our review of plaintiff's appeals begins and ends with our independent duty to ascertain our jurisdiction.

¶ 8      Plaintiff's notices of appeal do not specifically identify a final and appealable judgment, which is a prerequisite to our jurisdiction under Rule 301(a)(1) (eff. July 1, 2017). The only orders identified in the notices of appeal are the orders denying plaintiff's fee waiver applications; she did not identify the circuit court's October 16, 2020, orders dismissing the cases for failure to pay the required fees. Rule 303(b)(2) requires that the notice of appeal "specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court." Ill. S. Ct. R. 303(b)(2). Generally, a notice of appeal confers this court with jurisdiction "to consider only the judgments or parts thereof specified in the notice of appeal." *People v. Smith*, 228 Ill. 2d 95, 104 (2008). A notice of appeal should be liberally construed and considered as a whole (*id.*), and " 'will be deemed sufficient when it fairly and adequately sets out the judgment complained of and the relief sought, thus advising the successful litigant of the nature of the appeal' " (*id.* at 105 (quoting *Lang v. Consumers Insurance Service, Inc.*, 222 Ill. App. 3d 226 229 (1991))).

¶ 9      Here, plaintiff's notices of appeal do not identify the circuit court's October 16, 2020, orders dismissing the cases. As for the relief sought, the notices of appeal request that the filing fees be waived because she qualified for fee waivers. On their face, the notices of appeal give no

indication that the circuit court entered any judgments, and thus the notices of appeal, liberally construed, are insufficient. Further, even if plaintiff adequately identified the circuit court's October 16, 2020, orders dismissing the cases, we lack jurisdiction over each appeal because the notices of appeal were not filed within 30 days of the circuit court's October 16, 2020, dismissal orders. "Unless there is a properly filed notice of appeal, a reviewing court has no jurisdiction over the appeal and is obliged to dismiss it." *Id.* at 104. The circuit court dismissed the cases on October 16, 2020. Plaintiff's notices of appeal were due no later than November 16, 2020.[1] Plaintiff filed her notices of appeal on November 23, 2020. Plaintiff's November 23, 2020, notices of appeal were filed more than 30 days after the circuit court dismissed the matters. In the absence of a timely-filed notice of appeal, this court lacks jurisdiction, and we must dismiss the appeals.

¶ 10                                        III. CONCLUSION

¶ 11    For the foregoing reasons, plaintiff's appeals are dismissed.

¶ 12    Appeal No. 1-20-1281, dismissed.

¶ 13    Appeal No. 1-20-1282, dismissed.

¶ 14    Appeal No. 1-20-1283, dismissed.

---

[1]30 days from October 16, 2020, was November 15, 2020, which was a Sunday, so the notices of appeal were due on November 16, 2020.