2022 IL App (1st) 210490-U

Nos. 1-21-0490 & 1-21-0788 (cons.)

Order filed November 14, 2022.

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| JAMES EISTERHOLD, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 18 D 79352 |
| | ) | |
| CANDICE GIZEWSKI, | ) | The Honorable |
| | ) | Elizabeth Loredo Rivera, |
| Respondent-Appellant. | ) | Judge Presiding. |

PRESIDING JUSTICE LAVIN delivered the judgment of the court.
Justices Pucinski and Coghlan concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The judgment of the circuit court is affirmed in appeal no. 1-21-0490, and we dismiss appeal no. 1-21-0788 as moot. The circuit court did not err in its handling of Candice's motion to voluntarily dismiss her motion for a child support withholding order. The circuit court did not err by imposing sanctions under Rule 137. Finally, Candice forfeited the issue of whether section 508(b) of the Illinois Marriage and Dissolution of Marriage Act applies to Parentage Act proceedings by failing to raise it in the circuit court, so we will not disturb the circuit court's section 508(b) attorney fee award in favor of James.

¶ 2     In this parentage proceeding, respondent, Candice Gizewski, and petitioner, James Eisterhold, signed an agreed allocation judgment governing their parenting rights and obligations. Shortly thereafter, Candice filed a motion seeking to have James's monthly child support payments withheld from his paycheck. Candice, however, subsequently moved to voluntarily dismiss her motion. The circuit court continued her motion to voluntarily dismiss several times, and James filed a petition for Supreme Court Rule 137 sanctions and for attorney fees and costs under section 508(b) of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/508(b) (West 2018)). After several continuances, the circuit court granted Candice's motion to voluntarily dismiss, and later sanctioned Candice and her attorneys at The Stogsdill Law Firm, P.C. (Stogsdill law firm) under Rule 137 and awarded James attorney fees and costs under section 508(b) of the Act.

¶ 3     In these consolidated appeals, Candice argues the circuit court erred in its handling of her motion to voluntarily dismiss. She also challenges the circuit court's Rule 137 sanctions judgment and its decision to award James attorney fees and costs under section 508(b) of the Act. We affirm the circuit court's judgment in appeal no. 1-21-0490 and dismiss appeal no. 1-21-0788 as moot.

¶ 4                                   I. BACKGROUND

¶ 5     On March 18, 2018, James filed a petition seeking a declaration that he was the biological father of a child born to Candice in February 2018, and to set a parenting schedule and child support. Candice did not dispute that James was the child's biological father. On June 14, 2019, the circuit court entered an agreed allocation judgment that, in relevant part, provides James will pay $295 per month in child support. Article IX(B) of the agreed allocation judgment provides "All child support payments are to be made directly to Candice from James."

¶ 6      On June 24, 2019, Candice, through her attorneys at the Stogsdill law firm, filed a "Motion for Entry of Withholding Order" pursuant to section 30 of the Income Withholding for Support Act (Withholding Act) (750 ILCS 28/20(a)(1) (West 2018)). She asserted that James's counsel had "agreed that after the [allocation judgment] was entered, a Uniform Order of Support would subsequently be entered," but that James's counsel refused "to agree to enter a Uniform Order for Support that withholds [James's] child support payments through his employer." The motion further asserted that while "the language of the [a]llocation [j]udgment reflects that [James] shall make payments directly to [Candice], a Uniform Order of Support was contemplated by the parties" prior to the entry of the allocation judgment. The motion was signed and verified by Eric T. Telander of the Stogsdill law firm.

¶ 7      Candice presented her motion on July 16, 2019. There is no transcript or report of proceedings from the July 16, 2019, court hearing. In an order dated July 16, the circuit court gave James time to respond to Candice's motion and set a hearing date. The order also reflects that James's counsel represented that "he paid child support ($295) for June 2019 in June 2019 and for July 2019 in July 2019. Respondent represents that [James] did not pay child support in June or July 2019." James's counsel was ordered to bring proof of his child support payments to the next court date.

¶ 8      James's written response to Candice's motion made the following arguments. The allocation judgment accurately reflected the parties' agreement regarding the method of paying child support. Pursuant to section 20(a)(1) of the (Withholding Act) (750 ILCS 28/20(a)(1) (West 2018)), the support order did not need to require than an income withholding notice be served on James's employer because the parties had entered into a written agreement that James would pay Candice directly. James was not delinquent in his child support payments, and Candice's motion

did not allege that the allocation judgment no longer ensured payment. James's response provided evidence that James had paid child support in June and July 2019 and asserted that Candice—prior to the July 16 presentment of her motion—acknowledged James's July 2019 payment in an Our Family Wizard message dated July 6, 2019. James asserted the statements made by Candice's counsel on July 16—that James had not paid child support—were false and an attempt to cure the deficiencies in her motion.

¶ 9     On August 9, 2019, Candice filed a "Motion for Voluntary Non-Suit of Motion for Entry of Withholding Order," and noticed the motion for the August 20, 2019, court date. On August 20, 2019, the circuit court gave James time "to respond or otherwise plead" to the motion to voluntarily dismiss and continued that motion, along with the motion for any entry of a withholding order, for hearing. The circuit court also ordered Candice to appear at the hearing date "because the information presented by respondent on 7/16/19 was false."

¶ 10     On August 22, 2019, Candice filed a motion to reconsider or vacate the circuit court's August 20, 2019, order. In the motion to reconsider, Candice asserted that on July 16, 2019, her counsel "mistakenly represented to the [c]ourt that no child support payments had been made to [Candice] by [James] for June 2019, and July 2019, when in fact, although payments were made, they were untimely." Candice argued the circuit court should have granted her motion to voluntarily dismiss on August 20, 2019, because section 2-1009(a) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1009(a) (West 2018)) permitted her to dismiss her action upon proper notice before trial or hearing. Candice also requested the circuit court vacate its August 20, 2019, order because there had not been any hearings to determine whether Candice made false statements at the July 16, 2019, court date.

¶ 11    On September 9, 2019, James filed a petition for Rule 137 sanctions and attorney fees pursuant to Rule 137 and section 508(b) of the Act. James alleged that after the parties signed the agreed allocation judgment, Candice's counsel drafted a Uniform Order of Support requiring James's child support obligation be withheld from his paycheck and demanded that James's counsel agree to it, despite the plain language of the agreed allocation judgment. At the presentment of her motion for the entry of a withholding order, Candice's counsel falsely represented that James had not paid child support of June and July 2019. During the court proceedings, Candice's counsel represented that Candice had informed him that James had not paid child support. Candice's allegations, both in her motion and through her counsel's representations to the court, were baseless and false because James had paid child support for June and July 2019, and her actions needlessly increased the cost of the litigation. Candice's motion to reconsider asserted that while James had paid child support, the payments were late, directly contradicting the assertions made in her motion for withholding and by her counsel in open court. Count I of James's petition sought sanctions under Rule 137, and count II sought attorney fees and costs under section 508(b) of the Act, which provides, in relevant part,

> "If at any time a court finds that a hearing under this Act was precipitated or conducted for any improper purpose, the court shall allocate fees and costs of all parties for the hearing to the party or counsel found to have acted improperly. Improper purposes include, but are not limited to, harassment, unnecessary delay, or other acts needlessly increasing the cost of litigation." 750 ILCS 5/508(b) (West 2018).

James argued a hearing was "precipitated" when the parties appeared in court on Candice's motion for a withholding order, the purpose of the motion was to harass James and drive up the cost of the

litigation, and James incurred attorney fees and costs of $4,822 in responding to the motion and preparing his sanctions petition. The parties briefed James's petition, James filed a response to Candice's motion to reconsider and a motion to strike Candice's motion to reconsider, and the court continued all the pending motions several times for hearing.

¶ 12    On February 26, 2020, the circuit court granted Candice's motion to voluntarily dismiss her motion for a withholding order.

¶ 13    The circuit court heard argument on James's petition for sanctions and attorney fees and took the matter under advisement. On November 13, 2020, the circuit court entered a written order granting James's petition for sanctions and fees and made the following findings. Candice's motion for withholding contained the false assertion that James had not paid child support for June and July 2019, and Candice, through her counsel, repeated that assertion at the presentment of her motion, even after the circuit court paused the proceedings and had counsel for both parties contact their clients. Candice's August 22, 2019, motion to reconsider and vacate falsely stated that James had refused to sign a Uniform Order of Support; instead, he was prepared to sign a support order consistent with the agreed allocation judgment. Candice's motion to reconsider also asserted that, at the July 16, 2019, court date, Candice's counsel informed the circuit court that Candice represented to her counsel that James had not timely paid child support and had refused to pay insurance premiums. The circuit court, however, observed that the only representation made to the court by Candice's counsel was that James had not paid child support for June and July 2019. Candice's motion to reconsider falsely asserted that the circuit court found Candice's July 16, 2019, representations to be false without allowing argument from counsel. The circuit court found Candice's withholding motion was baseless under section 30 of the Withholding Act because there had been no showing that the parties' agreed allocation judgment "no longer ensures payment of

support due and the reason or reasons why it does not" (750 ILCS 28/30 (West 2018)), and the motion was filed for an improper purpose: Candice "just wanted what she wanted" without regard for the parties' agreement. There was no good faith basis for Candice's motion for a withholding order, as the parties' agreed allocation judgment was clear, and it was clear from communications between Candice's and James's counsels that James would not agree to having his child support payments withheld from his paycheck absent a court order. Sanctions were appropriate under Rule 137. Further, Candice precipitated a hearing on her motion for a withholding order by filing and presenting the motion and having the motion briefed, so James was entitled to attorney fees under section 508(b) of the Act. The circuit court continued the matter for hearing on the issue of fees.

¶ 14    James's counsel filed a petition asserting James incurred $23,593.60 in attorney fees resulting from Candice's motion. The parties briefed James's petition and the circuit court held an evidentiary hearing and heard argument. On March 31, 2021, the circuit court entered a written order finding James's requested attorney fees and costs to be reasonable. The circuit court ordered (1) Candice to pay James $2500 as a sanction under Rule 137; (2) the Stogsdill firm to pay James $2500 as a sanction under Rule 137; (3) Candice to pay $9296.80 for reasonable attorney fees and costs under section 508(b) of the Act; and (4) the Stogsdill firm to pay $9286.80 for reasonable attorney fees and costs under section 508(b) of the Act.

¶ 15    On April 29, 2021, Candice filed a notice of appeal—docketed in this court as appeal no. 1-21-0490—identifying the circuit court's February 26, 2020, November 13, 2020, and March 31, 2021, orders.

¶ 16    On April 30, 2021, Candice filed a motion in the circuit court requesting a Rule 304(a) finding relative to the circuit court's March 31, 2021, order. Candice asserted her August 22, 2019, motion to reconsider had never been adjudicated and was still pending, and a Rule 304(a) finding

would remove any doubt as to the finality and appealability of the circuit court's March 31, 2021, order.

¶ 17 On May 3, 2021, Candice filed a motion in the circuit court to stay enforcement of the circuit court's March 31, 2021, order and to set a bond.

¶ 18 On July 6, 2021, after briefing and argument, the circuit court denied Candice's motions for a Rule 304(a) finding and to stay enforcement of the March 31, 2021, order. The circuit court found Candice "waived or abandoned" her August 22, 2019, motion to reconsider and vacate, so there was nothing pending that would preclude an appeal from the March 31, 2021, order. Further, Candice's motion to stay enforcement was untimely, as it was not filed within 30 days of the March 31, 2021, order.

¶ 19 Also on July 6, 2021, Candice file a notice of appeal—docketed in this court as appeal no. 1-21-0788—identifying the circuit court's February 26, 2020, November 13, 2020, March 31, 2021, and July 6, 2021, orders. We consolidated the appeals.

¶ 20                                     II. JURISDICTION

¶ 21 On March 31, 2021, the circuit court entered a final and appealable judgment awarding James Rule 137 sanctions and section 508(b) attorney fees and costs. On April 29, 2021, Candice filed a timely notice of appeal in appeal no. 1-21-0490. We have jurisdiction pursuant to Rules 301 (eff. Feb. 1, 1994) and 303(a) (eff. July 1, 2017) governing appeals from final judgments in civil cases.

¶ 22 We also find Candice's notice of appeal in appeal no. 1-21-0788 is redundant of appeal no. 1-21-0490 and should be dismissed as moot. The record demonstrates Candice believed her August 22, 2019, motion to reconsider and vacate was still pending on April 29, 2021. On July 6, 2021, the circuit court found Candice "waived or abandoned" her August 22, 2019, motion to reconsider

and vacate. We note that all the relief Candice sought in her August 22, 2019, motion to reconsider and vacate had been mooted or implicitly denied by orders entered by the circuit court prior to the March 31, 2021, final judgment. For instance, Candice's motion to reconsider and vacate sought reconsideration of the circuit court's August 20, 2019, order to the extent that it did not grant her motion to voluntarily dismiss her motion for a withholding order. But the circuit court granted Candice's motion to voluntarily dismiss on February 26, 2020. Further, Candice's motion sought to vacate the portion of the circuit court's August 20, 2019, order finding that "the information presented by respondent on 7/16/19 was false." The subsequent proceedings on James's sanctions petition were focused in part on the information Candice presented on July 16, 2019, and the circuit court ultimately found—in connection with the sanctions petition—that the information Candice presented was false. In short, the circuit court granted or implicitly resolved all the relief requested in Candice's August 22, 2019, prior to the circuit court's March 31, 2021, final judgment. The circuit court's July 6, 2021, order denying Candice's request for a Rule 304(a) finding and a stay of enforcement was not an appealable judgment, and thus no appeal could be taken from that order. The March 31, 2021, judgment that Candice sought to appeal was already properly before this court in appeal no. 1-21-0490, and appeal no. 1-21-0788 does not seek any relief not requested in appeal no. 1-21-0490. We find appeal no. 1-21-0788 is moot, so we dismiss it as moot.

¶ 23                                III. ANALYSIS

¶ 24     Candice identifies three issues for our review. First, she argues the circuit court erred when it "ignored" her motion to voluntarily dismiss her motion for a withholding order on August 20, 2019. She contends she had the unfettered right to voluntarily dismiss her motion for a withholding order and the circuit court should have granted the motion on August 20, 2019, when it was presented after proper notice to James. Second, she argues the circuit court abused its discretion

by granting James's Rule 137 sanctions petition because, while Candice's allegations in the motion for a withholding order were "incorrect" due to "bad communication," Candice and her counsel sought to dismiss that motion. Alternatively, she contends that James should have been limited to recovering attorney fees incurred prior to Candice's motion to voluntarily dismiss her motion for a withholding order. Finally, Candice argues the circuit court "lacked statutory authority" to award James attorney fees under section 508(b). We address these arguments in turn.

¶ 25    Before discussing the merits of Candice's claims, we address James's arguments that Candice's appellate brief does not comply with Rule 341 in various ways. First, James argues that Candice's "Nature of the Case" section—which spans seven paragraphs over two pages—violates Rule 341(h)(2) because it overly long and argumentative. Rule 341(h)(2) requires "[a]n introductory paragraph stating (i) the nature of the action and of the judgment appealed from and whether the judgment is based upon the verdict of a jury, and (ii) whether any question is raised on the pleadings and, if so, the nature of the question." Ill. S. Ct. R. 341(h)(2). Here, Candice's "Nature of the Action" statement is longer and more detailed than is necessary and does not expressly state whether any question is raised on the pleadings. But it does explain the nature of the judgment and we find that it is not argumentative. That said, we urge Candice's counsel to adhere more closely to the illustrative example set forth in Rule 341(h)(2) in any future appellate briefs.

¶ 26    Second, James argues that portions of Candice's statement of facts do not comply with Rule 341(h)(6) because they are either argumentative or are not supported by citations to the record. Rule 341(h)(6) requires an appellant to provide a statement of facts "which shall contain the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal ***." Ill. S. Ct.

R. 341(h)(6). We agree that a portion of Candice's statements of facts strays from an accurate recitation of the facts. Notably, in discussing July 16, 2019, proceedings at which Candice presented her motion for a withholding order, Candice's appellate brief asserts "the [circuit] Court inquired if any there [*sic*] were any delinquent or missed child support payments." But as we observed above, there is no transcript or report of proceedings for the July 16, 2019, court date (*supra* ¶ 7), and Candice does not cite to the record to support her assertion. She further asserts the circuit court's July 16, 2019, order "does not reflect Candice's corrected representation that the June and July 2019 child support payments were not paid on time, but rather, it reflects that no child support was paid at all." Here, Candice cites to her own motion to reconsider, but again, there is no report of proceedings that reflects what was said during the July 16, 2019, proceedings. These are minor infractions of Rule 341(h)(6) that do not hinder our ability to review the issues on appeal, so we will not take any action other than to urge Candice's counsel to comply with Rule 341(h)(6) more strictly in future appellate briefs.

¶ 27    Finally, James argues that the citation method Candice's employs in her brief does not comply with Rule 6, which governs the form of citations parties must use in this court. Ill. S. Ct. R. 6 (eff. July 1, 2011); R. 341(g) (eff. Oct. 1, 2020). Relevant here, Rule 6 provides that, when citing Illinois cases filed before July 1, 2011, and published in the Illinois Official Reports, citations should be to the Official Reports, and for cases filed after July 1, 2011, citations should be to the public domain citation. For all cases, Rule 6 permits, but does not require, parallel citations to the North Eastern Reporter and Illinois Decisions. Here, James asserts Candice sometimes includes citations to only the North Eastern Reporter or Illinois Decisions, omits the year or appellate district that issued the decision, or—most frustratingly—omits pin cites to the pages of cited authority, "mak[ing] it far more difficult for this Court and James to address

Candice's claims." We agree that Candice's citations do not always comply with Rule 6, and her reply brief does not address or explain her noncompliance with the rule. We, however, have been able to access and assess Candice's citations to authority,[1] so we elect not to strike Candice's citations. We urge Candice's counsel to adhere to our supreme court's mandatory rules governing appellate briefs more strictly in future appeals, with particular focus on providing accurate citations to relevant authority.

¶ 28    Turning to the merits, we find the circuit court did not err with respect to Candice's August 9, 2019, motion to voluntarily dismiss her motion seeking a withholding order. Candice claims she had an unfettered right to dismiss her motion for a withholding order because the motion to voluntarily dismiss was filed and served before any hearing or trial on her motion. She contends the circuit court should have granted the motion on August 20, 2019, but did not grant the motion until February 26, 2020. But there is no doubt Candice received all the relief she requested in her motion to nonsuit. Her sole argument relates to *when* the circuit court should have dismissed her motion; she agrees that even if the circuit court granted her motion to nonsuit, the circuit court would still have had jurisdiction to consider James's sanctions petition. We find that in this case, the "when" makes no practical difference, and we cannot provide Candice with any meaningful relief.

¶ 29    Section 2-1009(a) of the Code of Civil Procedure (Code) provides "The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any

---

[1]James directs our attention to *McGinley Partners, LLC v. Royalty Properties, LLC*, 2021 IL App (1st) 200390, ¶ 33 n.4, where we observed that a party's violation of Rule 6 "made it extremely difficult for this court to access the cases that plaintiff relies on in support of its arguments ***." But there, the plaintiff only provided Lexis citations to case law, which this court could not access. Here, Candice provides citations to reporters that this court can access.

defendant, without prejudice, by order filed in the cause." 735 ILCS 5/2-1009(a) (West 2020). Section 2-1009(a) is subject to two qualifications. First, if the motion to voluntarily dismiss is filed while there is a pending dispositive motion, the court can choose to hear and decide the dispositive motion. *Id.* § 2-1009(b). Second, "where the circumstances of the case are such that dismissal under section 2-1009 would directly conflict with a specific [supreme court rule], the terms of the rule take precedence." *Morrison v. Wagner*, 191 Ill. 2d 162, 165 (2000).

¶ 30    Here, there were no pending dispositive motions when Candice filed her motion to voluntarily dismiss her motion seeking a withholding order, and there is nothing to suggest that granting the motion would have conflicted with a supreme court rule. Candice's right to voluntarily dismiss her motion for a withholding order was "unfettered." *Valdovinos v. Luna-Manalac Medical Center, Ltd.*, 328 Ill. App. 3d 255, 266 (2002).

¶ 31    But here, the circuit court honored Candice's unfettered right to dismiss her motion. The circuit court did not deny the motion to voluntarily dismiss or require Candice to proceed to a trial or hearing on her motion for a withholding. There is no dispute the circuit court granted Candice's motion to voluntarily dismiss, thereby granting all the relief Candice sought in her motion, and at no point was Candice facing an adverse judgment on her motion. Candice complains the circuit court's delay in granting her motion to voluntarily dismiss "caused both parties to the case to incur attorney fees and costs which should have been avoided, and could have been avoided." But the attorney fees and costs she incurred after August 20, 2019, are inextricably intertwined with the proceedings on James's petition for sanctions and attorney fees, and nothing in the record suggests the parties continued to litigate Candice's withholding motion. Simply put, Candice does not identify any prejudice that resulted from the circuit court continuing the motion to voluntarily dismiss. She may have incurred some additional attorney fees by bringing her August 22, 2019,

motion to reconsider and vacate, but even if we found that the circuit court should have granted Candice's motion to voluntarily dismiss on August 20, 2019, the effect of that finding would not change anything, since Candice has not identified any relief to which she is entitled that she has not already received. We find there is no basis for disturbing the circuit court's judgment on this issue.

¶ 32    Next, Candice argues the circuit court abused its discretion by granting James's Rule 137 sanctions petition. She argues the circuit court "never provided any findings on what [Candice's] counsel could have done, or should have done, in order to appropriately test the accuracy or veracity of his client's allegations" regarding James's child support payments. She claims that there was nothing her counsel could have done to determine whether the information Candice provided on July 16, 2019, was correct: there were no publicly available documents contradicting her allegation that James had not paid child support, nor were there any documents available to Candice's counsel that he could have consulted prior to verifying the motion for a withholding order. She asserts the conduct at issue here "pales in comparison to the conduct of other counsels against whom Rule 137 fees were levied," and briefly discusses other cases involving sanctionable conduct. She contends she promptly sought to dismiss her claim and concedes "that the allegations were not correct." She argues that any fees awarded to James should have been limited to attorney fees incurred prior to her moving to voluntarily dismiss her motion for a withholding order.

¶ 33    James argues we have no jurisdiction to address the circuit court's Rule 137 sanctions award. He argues Candice's notice of appeal requested, in part, this court "reverse or vacate the award of attorney's fees entered on March 31, 2021." The circuit court's March 31, 2021, order, however, awarded James attorney fees under section 508(b) of the Act, and entered Rule 137 sanctions against Candice and the Stogsdill law firm. In James's view, Candice's notice of appeal

only identifies the attorney fees award under section 508(b), so she did not appeal the Rule 137 sanctions. We do not agree.

¶ 34    Rule 303(b)(2) provides that a notice of appeal "shall specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court." Ill. S. Ct. R. 303(b)(2) (eff. July 1, 2017). "A notice of appeal confers jurisdiction on a court of review to consider only the judgments or parts of judgments specified in the notice of appeal. *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 176 (2011) (citing *People v. Lewis*, 234 Ill. 2d 32, 37 (2009)). A notice of appeal's purpose is to inform the other party that the appellant seeks review of the circuit court's judgment. *Id.* We consider the notice of appeal as a whole and will find it sufficient to confer jurisdiction where it " 'adequately sets out the judgment complained of and the relief sought, thus advising the successful litigant of the nature of the appeal.' " *Id.* (quoting *People v. Smith*, 228 Ill. 2d 95, 105 (2008)). If a deficiency in a notice of appeal is a matter of form and not substance, and if there is no prejudice to the appellee, any failure to strictly comply with the form of the notice of appeal is not fatal. *Id.*

¶ 35    Here, Candice's notice of appeal identified the circuit court's March 31, 2021, order and asked that we reverse or vacate the award of attorney fees. The circuit court's March 31, 2021, order entered sanctions under Rule 137 and attorney fees and costs under section 508(b) of the Act. Candice's notice of appeal did not specifically state that she sought review of the Rule 137 sanctions award. On the other hand, her notice of appeal did not specifically state that she sought review of attorney fees awarded under section 508(b); instead, she used the generic term "attorney's fees." Viewed as a whole, we find Candice's notice of appeal sought review of the entire March 31, 2021, order. A common sanction under Rule 137 is an award for reasonable attorney fees, a term that appears in the rule itself. Ill. S. Ct. R. 137(a). We find Candice's notice

of appeal can be construed as seeking review of the entirety of the circuit court's March 31, 2021, order. Further, we can discern no prejudice or surprise to James. We find have jurisdiction to consider the portion of the circuit court's March 31, 2021, order sanctioning Candice and her attorneys under Rule 137.

¶ 36    Rule 137 provides, in relevant part,

> "Every pleading, motion and other document of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. *** The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *** If a pleading, motion, or other document is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion or other document, including a reasonable attorney fee." Ill. S. Ct. R. 137(a).

¶ 37    Rule 137 is penal in nature and is strictly construed. *Dowd & Dowd, Ltd. v. Gleason*, 181 Ill. 2d 460, 487 (1998). The decision to impose sanctions under Rule 137 is discretionary and we

will not reverse a circuit court's ruling on a request for sanctions unless the circuit court abused its discretion. *Id.*

¶ 38    Candice fails to develop and advance a coherent legal argument as to how the circuit court abused its discretion in sanctioning her and her attorneys, resulting in forfeiture. Ill. S. Ct. R. 341(h)(7) ("Points not argued are forfeited ***."). She does not challenge any of the circuit court's findings in the November 13, 2020, order, nor does she direct our attention to facts or evidence in the record demonstrating that her conduct was appropriate. The circuit court found that Candice's motion for a withholding order was not well grounded in law or fact because the parties had a written agreement governing how James would pay child support, Candice's motion failed to allege that the written agreement was inadequate to ensure payment, and there was no good faith basis for Candice to seek a withholding order. The parties' agreed allocation judgment was in place and known to her and her attorneys, yet she demanded that James agree to a withholding order, despite meeting none of the criteria for such an order. Furthermore, the circuit court found Candice's August 22, 2019, motion to reconsider and vacate contained false statements. Specifically, her motion asserted James's counsel refused to agree to a Uniform Order of Support, when in fact, James's counsel refused to agree to a Uniform Order of Support that was inconsistent with the parties' agreed allocation judgment. Candice's motion to reconsider further attempted to paper over Candice's assertion—reflected in the circuit court's July 16, 2019, order—that James had not paid child support for June and July 2019, by claiming her attorneys informed the circuit court that James had not paid child support on time and had refused to pay insurance premiums, allegations that were not contained in her motion or consistent with the circuit court's July 16, 2019, order. Finally, the circuit court found the motion to reconsider falsely claimed that the circuit court found Candice's July 16 assertion to be false without hearing argument from counsel.

¶ 39    The circuit court's unchallenged findings in its November 13, 2020, order support a sanctions award. The circuit court identified two motions, signed by Candice's counsel, that did not comply with Rule 137 and warranted sanctions. Candice has not offered any argument that the circuit court's judgment was arbitrary, fanciful, or unreasonable. We find the circuit court acted within in its discretion by sanctioning Candice and her attorneys under Rule 137.

¶ 40    Candice also argues that the Rule 137 sanctions award should have been limited to the attorney fees James incurred between the date she filed her motion for a withholding order and the date she sought to voluntarily dismiss her motion. She repeats this argument throughout her brief but fails to support her argument with citations to any relevant authority, in violation of Rule 341(h)(7). She also ignores the fact that the circuit court did not award James attorney fees as a Rule 137 sanction, but instead imposed Rule 137 sanctions as a penalty for Candice's and her attorney's violation of Rule 137. The rule permits the circuit court to impose an "*appropriate* sanction, which *may* include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion or other document, *including* a reasonable attorney fee." (Emphases added.) Ill. S. Ct. R. 137(a). The plain language of Rule 137 demonstrates that attorney fees are just one type of monetary sanction a circuit court, in its discretion, can impose. Here, the circuit court elected to impose sanctions in the form of a penalty, not reasonable attorney fees. Candice does not contest the circuit court's ability to impose such a penalty, nor does she argue the penalty was excessive or disproportionate. She also ignores that the circuit court found that Candice's August 22, 2019, motion to reconsider contained false statements, in violation of Rule 137, so limiting James's recovery to attorney fees incurred prior to Candice's motion to voluntarily dismiss her motion for a withholding order would not have provided James any remedy for all of Candice's Rule 137 violations.

¶ 41    In sum, the circuit court found Candice and her counsel violated Rule 137 and, after an evidentiary hearing, sanctioned Candice and the Stogsdill law firm $2500 each. Candice does not contest any of the circuit court's findings following the evidentiary hearing and has not presented any legal argument regarding how the circuit court abused its discretion in determining an appropriate sanction. We find no abuse of the circuit court's discretion and affirm the circuit court's Rule 137 sanctions judgment in all respects.

¶ 42    Finally, Candice argues the circuit court "lacked statutory authority" to impose attorney fees under section 508(b) of the Act. She asserts that section 508(b) does not apply to proceedings under the Illinois Parentage Act (750 ILCS 46/101 *et seq.* (West 2018)). Further, she asserts the circuit court's fee award under section 508(b) of the Act is void because the circuit court exceeded its statutory authority under the Parentage Act.

¶ 43    James responds that Candice forfeited the issue of whether section 508(b) applies to these proceedings because she did not raise this issue in the circuit court. See *Wells Fargo Bank, N.A. v. Maka*, 2017 IL App (1st) 153010, ¶ 24 ("It is well settled that a party that does not raise an issue in the trial court forfeits that issue and may not raise it for the first time on appeal."). In her reply brief, Candice does not dispute that she forfeited this issue, but asserts forfeiture is a limitation on the parties, not on this court, and forfeiture principles do not apply when a party asserts that an order is void. We agree with James that Candice forfeited this issue by not raising it in the circuit court.

¶ 44    First, we reject Candice's argument that forfeiture principles do not apply here because the circuit court exceeded its statutory authority, rendering the circuit court's attorney fee award void. Under our constitution, circuit court's, with some exceptions not applicable here, "have original jurisdiction of all justiciable matters ***." Ill. Const. 1970, art. 6, § 9. In *LNLV Funding, LLC v.*

*Trice*, 2015 IL 116129, ¶ 37, our supreme court reaffirmed the principle that "the failure to comply with a statutory requirement or prerequisite does not negate the circuit court's subject matter jurisdiction or constitute a nonwaivable condition precedent to the circuit court's jurisdiction." The court further explained,

> "A void judgment is one entered by a court without jurisdiction. In a civil lawsuit that does not involve an administrative tribunal or administrative review, jurisdiction consists solely of subject matter or personal jurisdiction. Subject matter jurisdiction is defined solely as the power of a court to hear and determine cases of the general class to which the proceeding in question belongs. There is no third type of jurisdiction known as the 'inherent power' to render a judgment." *Id.* ¶ 39.

¶ 45     Here, there is no dispute that the circuit court had subject-matter jurisdiction over the parties' child support dispute and personal jurisdiction over the parties. Where the circuit court has both subject-matter and personal jurisdiction, its judgment voidable, not void (*People ex rel. Alvarez v. $59,914 United States Currency*, 2022 IL 126727, ¶¶ 18-20), and the principle that a void judgment may be attacked at any time does not apply. Candice's challenge to the circuit court's attorney fee award under section 508(b) of the Act is subject to the ordinary forfeiture rules applied by and enforced by this court.

¶ 46     Second, we find no reason to excuse Candice's forfeiture. Candice had numerous chances to argue in the circuit court that James was not entitled to attorney fees under section 508(b) in these proceedings. The parties briefed James's petition for sanctions and attorney fees and Candice denied any wrongdoing. After hearing argument, the circuit court granted Rule 137 sanctions and section 508(b) attorney fees and continued the matter for an evidentiary hearing on the amount of sanctions and attorney fees to be imposed. Another round of briefing followed, and the circuit

court held an evidentiary hearing and heard argument. At no point did Candice question whether attorney fees were available under section 508(b) of the Act. By failing to raise the issue of whether section 508(b) fees are recoverable in proceedings under the Parentage Act, Candice forfeited her ability to raise the issue on appeal. *Maka*, 2017 IL App (1st) 153010, ¶ 24. We therefore affirm the circuit court's judgment awarding James attorney fees.

¶ 47                                    IV. CONCLUSION

¶ 48     For the foregoing reasons, the judgment of the circuit court is affirmed in all respects, and we dismiss appeal no. 1-21-0788 as moot.

¶ 49     Appeal no. 1-21-0490, Affirmed.

¶ 50     Appeal no. 1-21-0788, Dismissed.